## IN THE UNITED STATES DISTRICT COURT
## FOR NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| INFOTRACK INFORMATION | ) | Civil Action No. 14-cv-2054 |
| SERVICES, INC., a corporation | ) | |
| | ) | Hon. John Tharp Jr. |
| and | ) | |
| | ) | |
| STEVEN KAPLAN, individually, | ) | |
| and as an officer of the corporation, | ) | |
| | ) | |
| Defendants. | ) | |

### STIPULATED FINAL JUDGMENT AND ORDER FOR CIVIL PENALTIES, PERMANENT INJUNCTION, AND OTHER EQUITABLE RELIEF

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("FTC" or "Commission"), filed its complaint, for civil penalties, permanent injunction and other equitable remedies in this matter, alleging that Defendants InfoTrack Information Services, Inc., and Steven Kaplan, individually and as an officer of the corporation, have engaged in violations of the Fair Credit Reporting Act "FCRA"), 15 U.S.C. §§ 1681-1681x, and in unfair or deceptive acts or practices in violation of section 5 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a). The Complaint states claims upon which relief may be granted against Defendants under sections 5(a), 13(b), and 16(a) of the Federal Trade Commission Act, 15 U.S.C. §§ 45(a), 53(b), and 56(a); and under sections 607(b), 609(a), 611(a)(1)(A), 611(a)(6), and 613(a)(1) of the Fair Credit Reporting Act,

1

15 U.S.C. §§ 1681e, 1681g, 1681i, and 1681k.

Defendants have been represented by the attorney whose name appears hereafter. The parties have agreed to entry of this Stipulated Final Judgment and Order for Civil Penalties, Permanent Injunction, and Other Equitable Relief ("Order") to resolve all matters in dispute in this action without trial or adjudication of any issue of law or fact herein. Defendants have waived service of the Summons and Complaint.

**THEREFORE, IT IS HEREBY ORDERED** as follows:

## FINDINGS

1.    This Court has jurisdiction over this matter.

2.    The Complaint charges that Defendants participated in acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and the Fair Credit Reporting Act, 15 U.S.C. §§1681 – 1681x in the sale of consumer reports.

3.    Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4.    Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney's fees.

5.    Defendants waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

A.    "Clear and Prominent" shall mean:

2

1.    in textual communications (*e.g.,* printed publications or words displayed on the screen of a computer), the required disclosures are of a type, size, and location sufficiently noticeable for an ordinary consumer to read and comprehend them, in print that contrasts with the background on which they appear;

2.    in communications disseminated orally or through audible means (*e.g.,* radio or streaming audio), the required disclosures are delivered in a volume and cadence sufficient for an ordinary consumer to hear and comprehend them;

3.    in communications disseminated through video means (*e.g.,* television or streaming video), the required disclosures are in writing in a form consistent with subparagraph (1) of this definition and shall appear on the screen for a duration sufficient for an ordinary consumer to read and comprehend them, and in the same language as the predominant language that is used in the communication;

4.    in communications made through interactive media, such as the Internet, online services, and software, the required disclosures are unavoidable and presented in a form consistent with subparagraph (1) of this definition, in addition to any audio or video presentation of them; and

5.    in all instances, the required disclosures are presented in an understandable language and syntax, and with nothing contrary to, inconsistent with, or in mitigation of the disclosures used in any communication of them.

B.    "Consumer Report" means any written, oral, or other communication of any information by a Consumer Reporting Agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor

3

in establishing the consumer's eligibility for (A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or (C) any other purpose authorized under FCRA Section 604, 15 U.S.C. § 1681b.

C.      "Consumer Reporting Agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing Consumer Reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing Consumer Reports.

D.      "Corporate Defendant" means InfoTrack Information Services, Inc. and its successors and assigns.

E.      "Defendants" means Individual Defendant and Corporate Defendant, individually, collectively, or in any combination.

F.      "Individual Defendant" means Steven Kaplan.

### ORDER

### I.   PROHIBITED BUSINESS ACTIVITIES

**IT IS ORDERED** that Defendants, Defendants' officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with operating as a Consumer Reporting Agency, are hereby permanently restrained and enjoined from:

A.      failing to maintain reasonable procedures to assure the maximum possible accuracy of the information concerning the individual about whom a Consumer Report relates;

4

B.      failing to provide a notice identical or substantially similar to the one attached as

Attachment A to this Order, to any person who regularly and in the ordinary course of business

furnishes information to the agency with respect to any consumer;

C.      failing to provide a notice identical or substantially similar to the one attached as

Attachment B to this Order, to any person to whom a Consumer Report is provided by

Defendants, *provided that* Defendants may provide an electronic copy of the notice to a user if:

(a) in the ordinary course of business, the user obtains Consumer Report information from

Defendants in electronic form, and (b) the notice is Clear and Prominent;

D.      to the extent Defendants furnish Consumer Reports for employment purposes and for that

purpose compile and report items of information on consumers which are matters of public

record and are likely to have an adverse effect upon a consumer's ability to obtain employment,

failing to:

   1.      at the time such public record information is reported to the user of such

   consumer report, notify the consumer of the fact that public record information is being

   reported by Defendants, together with the name and address of the person to whom such

   information is being reported; or, in the alternative,

   2.      maintain strict procedures designed to insure that whenever public record

   information which is likely to have an adverse effect on a consumer's ability to obtain

   employment is reported it is complete and up to date. For purposes of this paragraph,

   items of public record relating to arrests, indictments, convictions, suits, tax liens, and

   outstanding judgments shall be considered up to date if the current public record status of

   the item at the time of the report is reported.

## II. MONETARY JUDGMENT FOR CIVIL PENALTY

**IT IS FURTHER ORDERED** that:

A.     Judgment in the amount of one million dollars ($1,000,000) is entered in favor of the

Plaintiff against Defendants, jointly and severally, as a civil penalty pursuant to section 621(a) of

the FCRA, 15 U.S.C. § 1681s(a).

B.     Defendants are ordered to pay to the Plaintiff by making payment to the Treasurer of the

United States Sixty Thousand Dollars ($60,000).  Such payment must be made within seven (7)

days of the date of service of this Order by electronic fund transfer in accordance with

instructions provided by the Office of Consumer Litigation, Civil Division, U.S. Department of

Justice, Washington, D.C. 20530, for appropriate disposition.

C.     Upon such payment, the remainder of the judgment is suspended, subject to the

Subsections below.

D.     The Plaintiff's agreement to the suspension of part of the judgment is expressly premised

upon the truthfulness, accuracy, and completeness of Defendants' sworn financial statements and

related documents (collectively, "financial representations"), namely:

1.     the financial statement of Corporate Defendant signed by Owner Steve Kaplan on

August 19, 2013, and attachments; and

2.     the financial statement of Individual Defendant signed by Steven Kaplan on

August 15, 2013, and attachments.

E.     The suspension of the judgment will be lifted as to any Defendant if, upon motion by the

Commission or Plaintiff, the Court finds that Defendant failed to disclose any material asset,

materially misstated the value of any asset, or made any other material misstatement or omission

in the financial representations identified above.

6

F.      If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Defendant in the amount specified above (which the parties stipulate only for purposes of this Section represents the amount of the civil penalty for the violations alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

### III.  ADDITIONAL MONETARY PROVISIONS

**IT IS FURTHER ORDERED** that:

A.      Defendants relinquish dominion and all legal and equitable right, title and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.      The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order.

C.      Individual Defendant agrees that the judgment represents a civil penalty owed to the government of the United States, is not compensation for actual pecuniary loss, and, therefore, as to the Individual Defendant, it is not subject to discharge under the Bankruptcy Code pursuant to 11 U.S.C. § 523(a)(7).

### IV.  NOTICE TO CONSUMERS

**IT IS FURTHER ORDERED** that within sixty (60) days of the entry of this Order, for each Consumer Report that Defendants furnished to any third party that included the National Sex Offender Registry records of more than one individual, Defendants shall notify each consumer who was the subject of such Consumer Report.  Such notice shall be mailed by Defendants to consumers in an envelope upon which a first-class stamp has been applied by hand.  Defendants shall provide the notice to each such consumer in the form contained in

Attachment C of this Order, and send the notice in the envelope form identified in Attachment D of this Order. For each mailing returned by the U.S. Postal Service as undeliverable, Defendants shall take reasonable steps to obtain a correct address. For each correct address found, Defendants shall, within fifteen (15) business days after receiving the corrected address, resend the notice to the corrected address. Defendants shall thereafter maintain appropriate staff to answer inquiries resulting from the notice, and any requests for reports, disputes, and investigations of claims of inaccuracies in reports Defendants provided to employers or other third parties.

## V. ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendants obtain acknowledgments of receipt of this Order:

A.      Each Defendant, within seven (7) days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.      For five (5) years after entry of this Order, Individual Defendant, for any business that he individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, and Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within seven (7) days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C.      From each individual or entity to which a Defendant delivered a copy of this

8

Order, that Defendant must obtain, within thirty (30) days, a signed and dated acknowledgment of receipt of this Order.

## VI. COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendants make timely submissions to the Commission:

A.    One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury. Each Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the products and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendant must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B.    For 20 years following entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following: (a) any designated point of contact; or (b) the structure of Corporate Defendant or any entity that any Defendant has any ownership interest in or directly or indirectly controls that may affect compliance obligations arising under this Order, including creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

9

C.    Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against such Defendant within 14 days of its filing.

D.    Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on:_____ " and supplying the date, signatory's full name, title (if applicable), and signature.

E.    Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  The subject line must begin:  US v. InfoTrack Information Services, Inc.; and Steve Kaplan. (1223092).

## VII.  RECORDKEEPING PROVISIONS

**IT IS FURTHER ORDERED** that Defendants must create certain records for 20 years after entry of the Order, and retain each such record for five (5) years.  Specifically, in connection with providing Consumer Reports, Corporate Defendant and Individual Defendant, for any business in which he is a majority owner or directly or indirectly controls, must maintain the following records:

A.    Accounting records showing the revenues from all goods or services sold, all costs incurred in generating those revenues, and the resulting net profit or loss;

10

B.     Personnel records showing, for each employee: name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

C.     Customer files showing the names, addresses, telephone numbers, dollar amounts paid, and the quantity and description of goods or services purchased;

D.     Complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

E.     All employee training materials;

F.     All documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to,

     1.     all acknowledgments of receipt of this Order, required by the Section titled "Order Acknowledgments;"

     2.     all reports submitted to the FTC pursuant to the Section titled "Compliance Reporting;"

     3.     documents sufficient to demonstrate Defendants' compliance with Section I(B) and I(C) of this Order, including but not limited to:

          i.     a copy of each notice provided by Defendant to those who regularly furnish information to Defendant with respect to any consumer;

          ii.     a copy of each notice provided by Defendant to those to whom a Consumer Report is provided by Defendant; and

          iii.     the name, address, and telephone number of each person to whom Defendant provided a notice described in Subsection F(3)(i) and F(3)(ii).

## VIII. COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendants' compliance with this Order:

A.      Within 14 days of receipt of a written request from a representative of the Commission or Plaintiff, each Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents, for inspection and copying.  The Commission and Plaintiff are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.      For matters concerning this Order, the Commission and Plaintiff are authorized to communicate directly with each Defendant.  Defendants must permit representatives of the Commission and Plaintiff to interview any employee or other person affiliated with any Defendant who has agreed to such an interview.  The person interviewed may have counsel present.

C.      The Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## IX. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

## X. COSTS AND ATTORNEYS' FEES

**IT IS FURTHER ORDERED** that each party shall bear its own costs and attorneys'

fees incurred in connection with this action.

The parties hereby stipulate to the entry of the foregoing Order, which shall constitute a

final Order in this action.

**IT IS SO ORDERED** this 25th day of March, 2014.

HON. JOHN THARP JR.
UNITED STATES DISTRICT JUDGE

**FOR THE UNITED STATES OF AMERICA:**

STUART F. DELERY
Assistant Attorney General
Civil Division
U.S. DEPARTMENT OF JUSTICE

MAAME EWUSI-MENSAH FRIMPONG
Deputy Assistant Attorney General
Civil Division

MICHAEL S. BLUME
Director
Consumer Protection Branch

ANREW CLARK
Assistant Director
Consumer Protection Branch


ANN ENTWISTLE
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044
PHONE: 202-305-3630
FAX: 202-514-8742
Ann.Entwistle@usdoj.gov


ZACHARY T. FARDON
United States Attorney


DONALD R. LORENZEN
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-5330
donald.lorenzen@usdoj.gov

14

**FOR THE FEDERAL TRADE COMMISSION:**

MANEESHA MITHAL
Associate Director
Division of Privacy and Identity Protection

ROBERT SCHOSHINSKI
Assistant Director
Division of Privacy and Identity Protection

MELINDA CLAYBAUGH
Attorney
Division of Privacy and Identity Protection
Federal Trade Commission
601 New Jersey Avenue, NW
Mail Stop NJ-8100
Washington D.C.  20001
Tel:     (202) 326-2203
Fax:     (202) 326-3062
Email:  mclaybaugh@ftc.gov

MEGAN COX
Attorney
Division of Privacy and Identity Protection
Federal Trade Commission
601 New Jersey Avenue, NW
Mail Stop NJ-8100
Washington D.C.  20001
Tel:     (202) 326-2282
Fax:     (202) 326-3062
Email:  mcox1@ftc.gov

FOR THE DEFENDANTS:


STEVEN KAPLAN,
Individually and as an officer of
INFOTRACK INFORMATION SERVICES, INC.


PAMELA Q. DEVATA,
Counsel for STEVEN KAPLAN and
INFOTRACK INFORMATION SERVICES, INC.
Seyfarth Shaw, LLP
131 South Dearborn Street, Suite 2400
Chicago, IL 60603
Counsel for Defendants

16

# ATTACHMENT A

All furnishers of information to consumer reporting agencies must comply with all applicable regulations. Information about applicable regulations currently in effect can be found at the Consumer Financial Protection Bureau's website, www.consumerfinance.gov/learnmore.

## NOTICE TO FURNISHERS OF INFORMATION:
## OBLIGATIONS OF FURNISHERS UNDER THE FCRA

The federal Fair Credit Reporting Act (FCRA), 15 U.S.C 1681-1681y. imposes responsibilities on all persons who furnish information to consumer reporting agencies (CRAs). These responsibilities are found in Section 623 of the FCRA, 15 U.S.C 1681s-2. State law may impose additional requirements on furnishers. All furnishers of information to CRAs should become familiar with the applicable laws and may want to consult with their counsel to ensure that they are in compliance. The text of the FCRA is available at the website of the Consumer Financial Protection Bureau (CFPB): www.consumerfinance.gov/learnmore. A list of the sections of the FCRA cross-referenced to the U.S Code is at the end of this document.

Section 623 imposes the following duties upon furnishers:

### Accuracy Guidelines

The FCRA requires furnishers to comply with federal guidelines and regulations dealing with the accuracy of information provided to CRAs by furnishers. Federal regulations and guidelines are available at www.consumerfinance.gov/learnmore. Section 623(e).

### General Prohibition on Reporting Inaccurate Information

The FCRA prohibits information furnishers from providing information to a CRA that they know or have reasonable cause to believe is inaccurate. However, the furnisher is not subject to this general prohibition if it clearly and conspicuously specifies an address to which consumers may write to notify the furnisher that certain information is inaccurate. Sections 623(a)(1)(A) and (a)(1)(C).

### Duty to Correct and Update Information

If at any time a person who regularly and in the ordinary course of business furnishes information to one or more CRAs determines that the information provided is not complete or accurate, the furnisher must promptly provide complete and accurate information to the CRA. In addition, the furnisher must notify all CRAs that received the information of any corrections, and must thereafter report only the complete and accurate information. Section 623(a)(2).

### Duties After Notice of Dispute from Consumer

If a consumer notifies a furnisher, at an address specified for the furnisher for such notices, that specific information is inaccurate, and the information is, in fact, inaccurate, the furnisher must thereafter report the correct information to CRAs. Section 623(a)(1)(B).

If a consumer notifies a furnisher that the consumer disputes the completeness or accuracy of any information reported by the furnisher, the furnisher may not subsequently report that information to a CRA without providing notice of the dispute. Section 623(a)(3).

Furnishers must comply with federal regulations that identify when an information furnisher must investigate a dispute made directly to the furnisher by a consumer. Under these regulations, furnishers must complete an investigation within 30 days (or 45 days, if the consumer later provides relevant additional information) unless the dispute is frivolous or irrelevant or comes from a "credit repair organization." Section 623(a)(8). Federal regulations are available at www.consumerfinance.gov/learnmore. Section 623(a)(8)

### Duties After Notice of Dispute from Consumer Reporting Agency

If a CRA notifies a furnisher that a consumer disputes the completeness or accuracy of information provided by the furnisher, the furnisher has a duty to follow certain procedures. The furnisher must:

- Conduct an investigation and review all relevant information provided by the CRA, including information given to the CRA by the consumer. Sections 623(b)(1)(A) and (b)(1)(B).
- Report the results to the CRA that referred the dispute, and, if the investigation establishes that the information was, in fact, incomplete or inaccurate, report the results to all CRAs to which the furnisher provided the information that compile and maintain files on a nationwide basis. Section 623(b)(1)(C) and (b)(1)(D).
- Complete the above steps within 30 days from the date the CRA receives the dispute (or 45 days, if the consumer later provides relevant additional information to the CRA). Section 623(b)(2).
- Promptly modify or delete the information, or block its reporting. Section 623(b)(1)(E).

### Duty to Report Voluntary Closing of Credit Accounts

If a consumer voluntarily closes a credit account, any person who regularly and in the ordinary course of business furnished information to one or more CRAs must report this fact when it provides information to CRAs for the time period in which the account was closed. Section 623(a)(4).

### Duty to Report Dates of Delinquencies

If a furnisher reports information concerning a delinquent account placed for collection, charged to profit or loss, or subject to any similar action, the furnisher must, within 90 days after reporting the information, provide the CRA with the month and the year of the commencement of the delinquency that immediately preceded the action, so that the agency will know how long to keep the information in the consumer's file. Section 623(a)(5).

Any person, such as a debt collector, that has acquired or is responsible for collecting delinquent accounts and that reports information to CRAs may comply with the requirements of Section 623(a)(5) (until there is a consumer dispute) by reporting the same delinquency date previously reported by the creditor. If the creditor did not report this date, they may comply with the FCRA by establishing reasonable procedures to obtain and report delinquency dates, or, if a delinquency date cannot be reasonably obtained, by following reasonable procedures to ensure that the date reported precedes the date when the account was placed for collection, charged to profit or loss, or subjected to any similar action. Section 623(a)(5).

### Duties of Financial Institutions When Reporting Negative Information

Financial institutions that furnish information to "nationwide" consumer reporting agencies, as defined in Section 603(p), must notify consumers in writing if they may furnish or have furnished negative information to a CRA. Section 623(a)(7). The CFPB has prescribed model disclosures, 12 CFR Part 1022, App. B.

### Duties When Furnishing Medical Information

A furnisher whose primary business is providing medical services, products, or devices (and such furnisher's agents or assignees) is a medical information furnisher for the purposes of the FCRA and must notify all CRAs to which it reports of this fact. Section 623(a)(9). This notice will enable CRAs to comply with their duties under Section 604(g) when reporting medical information.

### Duties When ID Theft Occurs

All furnishers must have in place reasonable procedures to respond to notifications from CRAs that information furnished is the result of identity theft, and to prevent refurnishing the information in the future. A furnisher may not furnish information that a consumer has identified as resulting from identity theft unless the furnisher subsequently knows or is informed by the consumer that the information is correct. Section 623 (a)(6). If a furnisher learns that it has furnished inaccurate information due to identity theft, it must notify each CRA of the correct information and must thereafter report only complete and accurate information. Section 623(a)(2). When any furnisher of information is notified pursuant to the procedures set forth in Section 605B that a debt has resulted from identity theft, the furnisher many not sell, transfer, or place for collection the debt except in certain limited circumstances. Section 615(f).

# ATTACHMENT B

---

All users of consumer reports must comply with all applicable regulations. Information about applicable regulations currently in effect can be found at the Consumer Financial Protection Bureau's website, www.consumerfinance.gov/learnmore.

---

### NOTICE TO USERS OF CONSUMER REPORTS:
### OBLIGATIONS OF USERS UNDER THE FCRA

The Fair Credit Reporting Act (FCRA), 15 U.S.C. 1681-1681y, requires that this notice be provided to inform users of consumer reports of their legal obligations. State law may impose additional requirements. The text of the FCRA is set forth in full at the Consumer Financial Protection Bureau's (CFPB) website at www.consumerfinance.gov/learnmore. At the end of this document is a list of United States Code citations for the FCRA. Other information about user duties is also available at the CFPB's website. **Users must consult the relevant provisions of the FCRA for details about their obligations under the FCRA.**

The first section of this summary sets forth the responsibilities imposed by the FCRA on all users of consumer reports. The subsequent sections discuss the duties of users of reports that contain specific types of information, or that are used for certain purposes, and the legal consequences of violations. If you are a furnisher of information to a consumer reporting agency (CRA), you have additional obligations and will receive a separate notice from the CRA describing your duties as a furnisher.

### I. OBLIGATIONS OF ALL USERS OF CONSUMER REPORTS

#### A. Users Must Have a Permissible Purpose

Congress has limited the use of consumer reports to protect consumers' privacy. All users must have a permissible purpose under the FCRA to obtain a consumer report. Section 604 contains a list of the permissible purposes under the law. These are:

- As ordered by a court or a federal grand jury subpoena. Section 604(a)(1)

- As instructed by the consumer in writing. Section 604(a)(2)

- For the extension of credit as a result of an application from a consumer, or the review or collection of a consumer's account. Section 604(a)(3)(A)

- For employment purposes, including hiring and promotion decisions, where the consumer has given written permission. Sections 604(a)(3)(B) and 604(b)

- For the underwriting of insurance as a result of an application from a consumer. Section 604(a)(3)(C)

- When there is a legitimate business need, in connection with a business transaction that is initiated by the consumer. Section 604(a)(3)(F)(i)

- To review a consumer's account to determine whether the consumer continues to meet the terms of the account. Section 604(a)(3)(F)(ii)

- To determine a consumer's eligibility for a license or other benefit granted by a governmental instrumentality required by law to consider an applicant's financial responsibility or status. Section 604(a)(3)(D)

- For use by a potential investor or servicer, or current insurer, in a valuation or assessment of the credit or prepayment risks associated with an existing credit obligation. Section 604(a)(3)(E)

- For use by state and local officials in connection with the determination of child support payments, or modifications and enforcement thereof. Sections 604(a)(4) and 604(a)(5)

In addition, creditors and insurers may obtain certain consumer report information for the purpose of making "prescreened" unsolicited offers of credit or insurance. Section 604(c). The particular obligations of users of "prescreened" information are described in Section VII below.

**B. Users Must Provide Certifications**

Section 604(f) prohibits any person from obtaining a consumer report from a consumer reporting agency (CRA) unless the person has certified to the CRA the permissible purpose(s) for which the report is being obtained and certifies that the report will not be used for any other purpose.

**C. Users Must Notify Consumers When Adverse Actions Are Taken**

The term "adverse action" is defined very broadly by Section 603. "Adverse actions" include all business, credit, and employment actions affecting consumers that can be considered to have a negative impact as defined by Section 603(k) of the FCRA -- such as denying or canceling credit or insurance, or denying employment or promotion. No adverse action occurs in a credit transaction where the creditor makes a counteroffer that is accepted by the consumer.

**1. Adverse Actions Based on Information Obtained From a CRA**

If a user takes any type of adverse action as defined by the FCRA that is based at least in part on information contained in a consumer report, Section 615(a) requires the user to notify the consumer. The notification may be done in writing, orally, or by electronic means. It must include the following:

- The name, address, and telephone number of the CRA (including a toll-free telephone number, if it is a nationwide CRA) that provided the report.

- A statement that the CRA did not make the adverse decision and is not able to explain why the decision was made.

- A statement setting forth the consumer's right to obtain a free disclosure of the consumer's file from the CRA if the consumer makes a request within 60 days.

- A statement setting forth the consumer's right to dispute directly with the CRA the accuracy or completeness of any information provided by the CRA.

**2. Adverse Actions Based on Information Obtained From Third Parties Who Are Not Consumer Reporting Agencies**

If a person denies (or increases the charge for) credit for personal, family, or household purposes based either wholly or partly upon information from a person other than a CRA, and the information is the type of consumer information covered by the FCRA, Section 615(b)(1) requires that the user clearly and accurately disclose to the consumer his or her right to be told the nature of the information that was relied upon if the consumer makes a written request within 60 days of notification. The user must provide the disclosure within a reasonable period of time following the consumer's written request.

**3. Adverse Actions Based on Information Obtained From Affiliates**

If a person takes an adverse action involving insurance, employment, or a credit transaction initiated by the consumer, based on information of the type covered by the FCRA, and this information was obtained from an entity affiliated with the user of the information by common ownership or control, Section 615(b)(2) requires the user to notify the consumer of the adverse action. The notice must inform the consumer that he or she may obtain a disclosure of the nature of the information relied upon by making a written request within 60 days of receiving the adverse action notice. If the consumer makes such a request, the user must disclose the nature of the information not later than 30 days after receiving the request. If consumer report information is shared among affiliates and then used for an adverse action, the user must make an adverse action disclosure as set forth in I.C.1 above.

### D. Users Have Obligations When Fraud and Active Duty Military Alerts are in Files

When a consumer has placed a fraud alert, including one relating to identity theft, or an active duty military alert with a nationwide consumer reporting agency as defined in Section 603(p) and resellers, Section 605A(h) imposes limitations on users of reports obtained from the consumer reporting agency in certain circumstances, including the establishment of a new credit plan and the issuance of additional credit cards. For initial fraud alerts and active duty alerts, the user must have reasonable policies and procedures in place to form a belief that the user knows the identity of the applicant or contact the consumer at a telephone number specified by the consumer; in the case of extended fraud alerts, the user must contact the consumer in accordance with the contact information provided in the consumer's alert.

### E. Users Have Obligations When Notified of an Address Discrepancy

Section 605(h) requires nationwide CRAs, as defined in Section 603(p), to notify users that request reports when the address for a consumer provided by the user in requesting the report is substantially different from the addresses in the consumer's file. When this occurs, users must comply with regulations specifying the procedures to be followed. Federal regulations are available at www.consumerfinance.gov/learnmore.

### F. Users Have Obligations When Disposing of Records

Section 628 requires that all users of consumer report information have in place procedures to properly dispose of records containing this information. Federal regulations have been issued that cover disposal.

## II. CREDITORS MUST MAKE ADDITIONAL DISCLOSURES

If a person uses a consumer report in connection with an application for, or a grant, extension, or provision of, credit to a consumer on material terms that are materially less favorable than the most favorable terms available to a substantial proportion of consumers from or through that person, based in whole or in part on a consumer report, the person must provide a risk-based pricing notice to the consumer in accordance with regulations prescribed by the CFPB.

Section 609(g) requires a disclosure by all persons that make or arrange loans secured by residential real property (one to four units) and that use credit scores. These persons must

provide credit scores and other information about credit scores to applicants, including the disclosure set forth in Section 609(g)(1)(D) ("Notice to the Home Loan Applicant").

## III. OBLIGATIONS OF USERS WHEN CONSUMER REPORTS ARE OBTAINED FOR EMPLOYMENT PURPOSES

### A. Employment Other Than in the Trucking Industry

If information from a CRA is used for employment purposes, the user has specific duties, which are set forth in Section 604(b) of the FCRA. The user must:

- Make a clear and conspicuous written disclosure to the consumer before the report is obtained, in a document that consists solely of the disclosure, that a consumer report may be obtained.

- Obtain from the consumer prior written authorization. Authorization to access reports during the term of employment may be obtained at the time of employment.

- Certify to the CRA that the above steps have been followed, that the information being obtained will not be used in violation of any federal or state equal opportunity law or regulation, and that, if any adverse action is to be taken based on the consumer report, a copy of the report and a summary of the consumer's rights will be provided to the consumer.

- **Before** taking an adverse action, the user must provide a copy of the report to the consumer as well as the summary of consumer's rights. (The user should receive this summary from the CRA.) A Section 615(a) adverse action notice should be sent after the adverse action is taken.

An adverse action notice also is required in employment situations if credit information (other than transactions and experience data) obtained from an affiliate is used to deny employment. Section 615(b)(2)

The procedures for investigative consumer reports and employee misconduct investigations are set forth below.

### B. Employment in the Trucking Industry

Special rules apply for truck drivers where the only interaction between the consumer and the potential employer is by mail, telephone, or computer. In this case, the consumer may provide consent orally or electronically, and an adverse action may be made orally, in writing, or electronically. The consumer may obtain a copy of any report relied upon by the trucking

company by contacting the company.

## IV. OBLIGATIONS WHEN INVESTIGATIVE CONSUMER REPORTS ARE USED

Investigative consumer reports are a special type of consumer report in which information about a consumer's character, general reputation, personal characteristics, and mode of living is obtained through personal interviews by an entity or person that is a consumer reporting agency. Consumers who are the subjects of such reports are given special rights under the FCRA. If a user intends to obtain an investigative consumer report, Section 606 requires the following:

- The user must disclose to the consumer that an investigative consumer report may be obtained. This must be done in a written disclosure that is mailed, or otherwise delivered, to the consumer at some time before or not later than three days after the date on which the report was first requested. The disclosure must include a statement informing the consumer of his or her right to request additional disclosures of the nature and scope of the investigation as described below, and the summary of consumer rights required by Section 609 of the FCRA. (The summary of consumer rights will be provided by the CRA that conducts the investigation.)

- The user must certify to the CRA that the disclosures set forth above have been made and that the user will make the disclosure described below.

- Upon the written request of a consumer made within a reasonable period of time after the disclosures required above, the user must make a complete disclosure of the nature and scope of the investigation. This must be made in a written statement that is mailed, or otherwise delivered, to the consumer no later than five days after the date on which the request was received from the consumer or the report was first requested, whichever is later in time.

## V. SPECIAL PROCEDURES FOR EMPLOYEE INVESTIGATIONS

Section 603(x) provides special procedures for investigations of suspected misconduct by an employee or for compliance with Federal, state or local laws and regulations or the rules of a self-regulatory organization, and compliance with written policies of the employer. These investigations are not treated as consumer reports so long as the employer or its agent complies with the procedures set forth in Section 603(x), and a summary describing the nature and scope of the inquiry is made to the employee if an adverse action is taken based on the investigation.

## VI. OBLIGATIONS OF USERS OF MEDICAL INFORMATION

Section 604(g) limits the use of medical information obtained from consumer reporting agencies (other than payment information that appears in a coded form that does not identify the

medical provider). If the information is to be used for an insurance transaction, the consumer must give consent to the user of the report or the information must be coded. If the report is to be used for employment purposes — or in connection with a credit transaction (except as provided in federal regulations) — the consumer must provide specific written consent and the medical information must be relevant. Any user who receives medical information shall not disclose the information to any other person (except where necessary to carry out the purpose for which the information was disclosed, or as permitted by statute, regulation, or order).

## VII. OBLIGATIONS OF USERS OF "PRESCREENED" LISTS

The FCRA permits creditors and insurers to obtain limited consumer report information for use in connection with unsolicited offers of credit or insurance under certain circumstances. Sections 603(l), 604(c), 604(e), and 615(d). This practice is known as "prescreening" and typically involves obtaining from a CRA a list of consumers who meet certain preestablished criteria. If any person intends to use prescreened lists, that person must (1) before the offer is made, establish the criteria that will be relied upon to make the offer and to grant credit or insurance, and (2) maintain such criteria on file for a three-year period beginning on the date on which the offer is made to each consumer. In addition, any user must provide with each written solicitation a clear and conspicuous statement that:

- Information contained in a consumer's CRA file was used in connection with the transaction.

- The consumer received the offer because he or she satisfied the criteria for credit worthiness or insurability used to screen for the offer.

- Credit or insurance may not be extended if, after the consumer responds, it is determined that the consumer does not meet the criteria used for screening or any applicable criteria bearing on credit worthiness or insurability, or the consumer does not furnish required collateral.

- The consumer may prohibit the use of information in his or her file in connection with future prescreened offers of credit or insurance by contacting the notification system established by the CRA that provided the report. The statement must include the address and toll-free telephone number of the appropriate notification system.

In addition, the CFPB has established the format, type size, and manner of the disclosure required by Section 615(d), with which users must comply. The relevant regulation is 12 CFR 1022.54.

## VIII. OBLIGATIONS OF RESELLERS

### A. Disclosure and Certification Requirements

Section 607(e) requires any person who obtains a consumer report for resale to take the following steps:

- Disclose the identity of the end-user to the source CRA.

- Identify to the source CRA each permissible purpose for which the report will be furnished to the end-user.

- Establish and follow reasonable procedures to ensure that reports are resold only for permissible purposes, including procedures to obtain:
  (1) the identity of all end-users;
  (2) certifications from all users of each purpose for which reports will be used; and
  (3) certifications that reports will not be used for any purpose other than the purpose(s) specified to the reseller. Resellers must make reasonable efforts to verify this information before selling the report.

### B. Reinvestigations by Resellers

Under Section 611(f), if a consumer disputes the accuracy or completeness of information in a report prepared by a reseller, the reseller must determine whether this is a result of an action or omission on its part and, if so, correct or delete the information. If not, the reseller must send the dispute to the source CRA for reinvestigation. When any CRA notifies the reseller of the results of an investigation, the reseller must immediately convey the information to the consumer.

### C. Fraud Alerts and Resellers

Section 605A(f) requires resellers who receive fraud alerts or active duty alerts from another consumer reporting agency to include these in their reports.

## IX. LIABILITY FOR VIOLATIONS OF THE FCRA

Failure to comply with the FCRA can result in state government or federal government enforcement actions, as well as private lawsuits. Sections 616, 617, and 621. In addition, any person who knowingly and willfully obtains a consumer report under false pretenses may face criminal prosecution. Section 619.

The CFPB's website, www.consumerfinance.gov/learnmore, has more information about the FCRA, including publications for businesses and the full text of the FCRA.

**Citations for FCRA sections in the U.S. Code, 15 U.S.C. § 1681 et seq.:**

| Section 602 | 15 U.S.C. 1681 | Section 615 | 15 U.S.C. 1681m |
| Section 603 | 15 U.S.C. 1681a | Section 616 | 15 U.S.C. 1681n |
| Section 604 | 15 U.S.C. 1681b | Section 617 | 15 U.S.C. 1681o |
| Section 605 | 15 U.S.C. 1681c | Section 618 | 15 U.S.C. 1681p |
| Section 605A | 15 U.S.C. 1681cA | Section 619 | 15 U.S.C. 1681q |
| Section 605B | 15 U.S.C. 1681cB | Section 620 | 15 U.S.C. 1681r |
| Section 606 | 15 U.S.C. 1681d | Section 621 | 15 U.S.C. 1681s |
| Section 607 | 15 U.S.C. 1681e | Section 622 | 15 U.S.C. 1681s-1 |
| Section 608 | 15 U.S.C. 1681f | Section 623 | 15 U.S.C. 1681s-2 |
| Section 609 | 15 U.S.C. 1681g | Section 624 | 15 U.S.C. 1681t |
| Section 610 | 15 U.S.C. 1681h | Section 625 | 15 U.S.C. 1681u |
| Section 611 | 15 U.S.C. 1681i | Section 626 | 15 U.S.C. 1681v |
| Section 612 | 15 U.S.C. 1681j | Section 627 | 15 U.S.C. 1681w |
| Section 613 | 15 U.S.C. 1681k | Section 628 | 15 U.S.C. 1681x |
| Section 614 | 15 U.S.C. 1681l | Section 629 | 15 U.S.C. 1681y |

# ATTACHMENT C

[InfoTrack's Return Address]

[Date]

Dear [name of consumer],

Our company, InfoTrack Information Services, provides background screening reports about people who apply for jobs by conducting specific searches requested by employers. Between [date] and [date], we sold a report about you to an employer who requested information about you. In that report, we included photos of people with your same name who were on a state Sex Offender Registry.

The Federal Trade Commission (FTC), the nation's consumer protection agency, has sued us for violating the Fair Credit Reporting Act. According to the FTC, we didn't have reasonable procedures in place to assure we gave employers accurate information when we provided a report about you that included photos of people with your same name.

As part of the settlement in that case, we have agreed to contact you about what we did. We have attached an explanation of your rights under the Fair Credit Reporting Act.

At your request, we can provide the name of the employer who requested the report about you. We can also search the national sex offender databases for you and, to the extent there are any entries about you, send you a free report. If any information in the report is wrong, you have a right to dispute that with us. To request information:

- Call us at [number];
- Email us at [address]; or
- Write us at [address]

If you order a report, once you receive it from us in the mail, please read it carefully. If there is anything in it you think is wrong, contact us, provide any supporting documents, and we will investigate.

If you have questions, please call us at [number]. To find out more about the FTC's case against us, please call the FTC at (202) 326-3264.

Steven Kaplan
President
InfoTrack Information Services, Inc.

# ATTACHMENT D

Infotrack, Inc.
[Return Address]

Hand-applied first-class postage stamp

Cathy Consumer
123 Main Street
Anytown, Anystate, 00000

**Important Employment Screening Notice
[14 pt. bold type]**